Moses v. Bates.

# City Court.

*Trial Term—June, 1884.*

## MOSES *against* BATES ET AL.

The master is not liable for a criminal prosecution set on foot by his credit clerk without proof that the master either authorized it in the first instance or approved of it afterward.

McADAM, Ch. J.—The action is for malicious prosecution. The plaintiff was arrested on a warrant issued by a police justice on the complaint of Mr. Dickinson, the credit clerk of the defendants.

In order to recover, the plaintiff was bound to prove not only that the prosecution was set on foot by the defendants, but that it was instituted by them maliciously and without probable cause. No malice on the part of the defendants was proved, and none can be inferred, as

for aught that appears to the contrary the defendants had no knowledge whatever of the prosecution. Dickinson, the credit clerk, had no express authority to commence the prosecution, and none can be implied from the nature of his employment, which does not by intendment embrace the power to arrest his master's customers (Mali v. Lord, 39 N. Y. 381). If there was malice, it was Dickinson's, and in law the act was his, and not his employers, for the master is not generally liable for the willful acts of his servant (Wright v. Wilcox, 19 Wend. 343).

The railroad cases relied upon by the plaintiff were based upon the principle that a part of the duties of the servant was to exclude from the cars such passengers as refesed to pay fare, or to comply with the regulations adopted by the company; and that, having authority from the master to perform such acts, the latter is responsible for the manner in which they are performed by the servant. This is as it should be; for where the power is conferred, the master is liable for any lack of discretion by the agent in the manner of its exercise.

But where there is no power in the servant, the act is his and not the master's. To hold the latter, the act must be within the scope of the servant's authority. If within such scope the servant makes a careless mistake of commission or omission, the law holds it to be the master's business negligently done, and for this the latter is liable, because he is bound at his peril to employ servants who are skillful and careful. The distinction is marked and well settled by authority.

The complaint was properly dismissed, and a motion for a new trial must be denied.